RYKARD v. DAVENPORT.

NONSUIT—JURY.—It is not the province of a trial Judge to weigh evi-
dence, and whether the evidence satisfies his mind as to plaintiff's
case or not, if there be any evidence, as there was here, that plaintiff
owned the whiskey, that he had procured it lawfully, and had it for
lawful use, he should not have granted a nonsuit. Whether evi-
dence of plaintiff could be believed and whether whiskey was contra-
band, were questions for jury.

Before BENET, J., Greenwood, November, 1900. Re-
versed.

Claim and delivery by L. H. Rykard against M. S. Davenport. The following evidence was introduced by plaintiff:

"Plaintiff L. H. Rykard, sworn, says: That I live in Greenwood County, at Salak. I know defendant, he lives in Greenwood, S. C. I came to Greenwood Saturday, September 22d, about 8 o'clock A. M., and thought probably I'd spend the day and night, perhaps part of day Sunday. I had three quarts and four pints choice old rye whiskey, worth $1 per quart. I came up here to stay from Saturday. For my personal use. I was getting ready to go home. Mr. Davenport and Henderson came up, and Davenport asked for the whiskey. I found I had to go home, as my brother could not stop. After Davenport had taken the whiskey, I told him he had no right to take my whiskey. I asked him for the whiskey. He got four pints from under the seat and three quarts were in back of buggy under the lap-robe. I had not taken any whiskey out of the buggy since I came to town. I got whiskey from Augusta, Ga. Pints were not ordered with the quarts. Have never got the whiskey back. It was not taken by any of the means, tax, fine or assessment, or under execution against my property. Whiskey was for my individual use. Value of the whiskey was $5. Cross-examined: I am station agent and postmaster at Salak. Six mails a day. Left Saturday to remain till Sunday afternoon. I was going to take the whiskey back. Paul Heyman always puts up his whiskey in packages. I emptied some into pints. Mr. Davenport and Policeman Henderson took the whiskey. Mr. Davenport took the whiskey himself. Henderson with Davenport. I bought the whiskey in Augusta and it reached my home at 12 the day before. Davenport said he seized because he heard I was transporting. Said he was obliged to take it. *I knew he was State constable.* I had no intention of taking it out of the State. Brought it here with intention of drinking before I went back home. Seized about 11 and about sundown I took out papers before Judge Allston. I saw Henderson before whiskey was seized. He started to help me take out. Was in-

tending to send my buggy home.   Negro got in the buggy
on the road.   Josh Burton was the negro.

"J. G. Rook, being sworn says: I served these papers on
Davenport.   I did not get the whiskey.   Understood
Davenport to say he had shipped the whiskey.   He told me
since that he had it off.   Cross-examined: I am not certain,
but think he said shipped it.

"L. H. Rykard recalled: I have been damaged by losing
time and the talk about me.   ·Cross-examined: I don't know
whether I was damaged Saturday or not.   I don't say I was
damaged by running over the town.   I did not know of any
damages Saturday when I got out the papers.   I meant
when the whiskey was taken.   I don't like for people to talk
about me, and was damaged by lapse of time and talk and
Davenport seizing my whiskey, it amounted to $25."

From judgment of nonsuit, plaintiff appeals.

*Messrs. Sheppards & Grier,* for appellant.   Mr. F. Bar-
ron Grier, cites: *It is not unlawful for a citizen to transport
whiskey from place to place within this State:* 22 Stat., 145;
55 S. C., 240; 170 U. S., 438.   *As to the rule in granting
nonsuits:* 19 S. C., 32; 50 S. C., 556; 55 S. C., 11.   *State
constable cannot lawfully seize whiskey without warrant:*
Con., art. I., sec. 16; 9 S. C., 309.

*Mr. D. H. Magill,* contra, cites: *Whiskey was contraband
and subject to seizure:* Sec. 32, dispensary act, 1896; 52 S.
C., 470; 49 S. ·C., 171.

July 23, 1901.   The opinion of the Court was delivered
by

MR. CHIEF JUSTICE McIVER.   This was an action of
claim and delivery, brought before a magistrate to recover
possession of certain property—five quarts of whiskey—
taken from the possession of the plaintiff by the defendant,
who, upon demand, refused to deliver the same to the plain-
tiff.   The case came on for trial before a magistrate and a

jury.   The testimony, which is set out in the "Case," as the
question arises on a motion for a nonsuit, based solely upon
the ground "that the plaintiff had failed to make out his
case," should be incorporated in the report of the case.   The
motion for a nonsuit was granted by the magistrate, and the
plaintiff appealed to the Circuit Court, where the appeal was
dismissed by the Circuit Judge in a short order, giving no
reason whatever for his conclusion.   The plaintiff appealed
from the order dismissing his appeal upon the several
grounds set out in the record, which, under the view which
we take of the case, need not be set out here.   The magis-
trate in granting the nonsuit assigned his reasons therefor
as follows : "Because it was disclosed by testimony of plain-
tiff that the whiskey was not in transit to destination, but
had reached that destination, to wit : Salak, S. C., on Friday,
September 21st, 1900, and that on the day the said whiskey
was seized it had been transported from Salak, S. C., to
Greenwood, S. C., and then was in the act of being trans-
ported back to Salak, S. C.; all of which took place inside of
this State, after it had reached its destination, a day at least,
making it, to my mind, clearly contraband and subject to
seizure."

The magistrate evidently acted under the erroneous im-
pression that, upon a motion for a nonsuit, it was his pro-
vince, instead of that of the jury, to weigh the testimony
and determine what were the proper inferences to be drawn
from such testimony.   This was clear error, for the rule is
too well settled to require the citation of any authorities,
that, upon a motion for a nonsuit, the only question is
whether there is any testimony tending to establish the plain-
tiff's case; and that it is not the province of the Court (in
this instance, the magistrate,) to draw conclusions from the
testimony, as that is the exclusive province of the jury.   So
that even if it be assumed that the testimony was sufficient to
satisfy the mind of the magistrate, there would still be error.
But was there any testimony tending to establish the plain-
tiff's case?   There was testimony   tending   to   show   that

plaintiff had bought the whiskey in Augusta, Ga., for his own personal use, and had received it at Salak, where he lived, the day before it was seized; that he went to Greenwood on a visit, on the morning of 22d September, 1900, and took the whiskey with him for his own use while there; that he left home with the intention of spending Saturday and a part of Sunday in Greenwood, but finding that his brother, who seems to have been with him, could not stop, concluded to return on Saturday; and that the whiskey was seized at Greenwood before he left by the defendant, who took it into his own possession, and refused, upon demand, to return it to plaintiff. There was no testimony whatever tending to show that plaintiff had made, or intended to make, any unlawful use of the whiskey, and on the contrary the testimony was that he had bought the whiskey outside of the limits of the State and taken it with him to Greenwood for his own personal use. The only testimony that could by any possibility be regarded as even tending to show that the whiskey was contraband, and, therefore, subject to seizure, was the plaintiff's own statement, as follows: "Davenport said he seized because he heard I was transporting. Said he was obliged to take it. I knew he was State constable. I had no intention of taking it out of the State. Brought it here [Greenwood] with the intention of drinking before I went back home." It seems to us very clear that the testimony on the part of the plaintiff tended to show that the whiskey belonged to the plaintiff and was in his possession for a lawful use, and in the absence of any evidence to the contrary, the plaintiff would have been entitled to recover. Whether this evidence on the part of the plaintiff was entitled to be believed, was certainly not a question which the magistrate could determine upon a motion for a nonsuit, but was a question exclusively for the jury. So, also, even if there was any evidence tending to show that the whiskey was contraband and, therefore, liable to seizure, that, also, was a question for the jury and not for the magistrate to determine. There was, therefore, error in granting

the motion for a nonsuit, and also error on the part of the Circuit Judge in not so holding.

The judgment of this Court is, that the order of the Circuit Judge, dismissing the appeal from the magistrate's judgment of a nonsuit, be reversed, and the case is remanded to the Circuit Court, with instructions to reverse the judgment of nonsuit granted by the magistrate, and to grant a new trial.

Mr. Justice Jones *concurs in the result.*